IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CHRISTOPHER DEWAYNE TAYLOR, ADC # 111516 | |
| Plaintiff, | |
| v. | No. 3:15CV00366-JJV |
| ROY PETERS, Correctional Officer, Greene County Detention Center; *et al.* | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Christopher Dewayne Taylor ("Plaintiff") brought this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Shawn Hunt, Roy Peters, and Chrissy Short ("Defendants") subjected him to excessive force and refused to let him wash pepper spray from his eyes while he was incarcerated at the Greene County Detention Facility. (*Id*. at 4-9.) Now, Defendants have moved to dismiss this action based on Plaintiff's failure to exhaust administrative remedies. (Doc. No. 18.) Plaintiff has responded (Doc. No. 20) and the Motion is ripe for disposition.

**II.    STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id*. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d

1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff has already admitted he did not exhaust the administrative remedies available to him at the Greene County Detention Center. (Doc. No. 2 at 3-4.) He claims he was precluded from doing so because of "[i]mmediate fear of my life due to any sense of retaliation." (*Id*. at 4.) The Eighth Circuit Court of Appeals has "excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures."

*Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Allegations that an inmate was threatened with retaliation for filing a grievance can excuse the exhaustion requirement. *See Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). I decline to excuse Plaintiff's lack of exhaustion based on the record before me, however. His allegation of retaliation is too vague to support a conclusion that administrative remedies were unavailable to him.[1] He has failed to allege crucial specifics, including the identity of the individuals who threatened him, the substance of their threats, and when the threats were issued.

Based on the foregoing, I conclude dismissal of this action is appropriate. Dismissal will be with prejudice because Plaintiff is no longer incarcerated at the Greene County Detention Center and, as such, is incapable of exhausting his administrative remedies in the future. *See Dalton v. Hansford*, 2013 U.S. Dist. LEXIS 18032 (D. Minn. Jan. 15, 2013) ("Dismissal of claims with prejudice is appropriate if, for example, a plaintiff can no longer exhaust his claims because he has procedurally defaulted on them and his suit is precluded forever . . . .") (internal quotations omitted).

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. No. 18) is GRANTED.

2. Plaintiff's claims against Defendants Shawn Hunt, Roy Peters, and Chrissy Short are DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good

---

[1] Plaintiff does not address the issue of exhaustion in his Response. Instead, he emphasizes his diligence in apprising the Court of his changes in address and his desire to continue prosecuting this case. (Doc. No. 20 at 1-2.)

faith.

    IT IS SO RECOMMENDED this 11th day of February, 2016.

                                         _____
                                         JOE J. VOLPE
                                         UNITED STATES MAGISTRATE JUDGE